## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KEVIN S. and CHRIS W., children, by Bette
Fleishman, their Next Friend; JENNIFER H., a
child, by Liz McGrath, her Next Friend; DIANA
D., a child, by Ernestina R. Cruz, her Next Friend;
BRIAN J., a child, by Matthew Bernstein, his
Next Friend; ELLIOT J. and MICHAEL J.,
children, by Feliz Rael, their Next Friend;
OLIVIA L., a child, by Georgia Berrenberg, her
Next Friend; MATTY B., JUSTIN B., and
JACKSON B., children, by Gabrielle Valdez, their
Next Friend; LUCAS M. and JULIAN M.,
children, by Mariel Willow, their Next Friend;
DAVID G., a child, by Heidi Todacheene, his
Next Friend; on behalf of themselves and all
others similarly situated; DISABILITY RIGHTS
NEW MEXICO; and NATIVE AMERICAN
DISABILITY LAW CENTER,

    *Plaintiffs*,

    v.

MONIQUE JACOBSON, in her official capacity
as Secretary for the Children, Youth and Families
Department, and BRENT EARNEST, in his
official capacity as Secretary for the Human
Services Department,

    *Defendants*.

Civ. Action No. 1:18-cv-00896-WJ/LF

## ANSWER TO AMENDED COMPLAINT

COMES NOW Defendants Monique Jacobson, in her official capacity as Secretary for the

Children, Youth, and Families Department ("CYFD"), and Brent Earnest, in his official capacity

as Secretary for the Human Services Department (individually "HSD," collectively "Defendants")

through their attorneys or record, Keleher & McLeod (Sean Olivas, Thomas C. Bird, and Gary J.

Van Luchene), and hereby respond to Plaintiffs' Amended Complaint (hereinafter "Complaint") as follows:

1.      With respect to Paragraph 1 of the Complaint HSD admits to being responsible for administering and supervising the delivery of Medicaid services and denies being responsible for administering and supervising New Mexico's system for child welfare.  CYFD admits to being responsible for administering and supervising New Mexico's child welfare system and denies being responsible for administering and supervising the delivery of Medicaid services. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 referencing thirteen unidentified foster children and the alleged "class of trauma-impacted children in the custody of New Mexico's child welfare system."

2.      With respect to paragraph 2 of the Complaint, Defendants deny that New Mexico has failed to fulfill any legal obligations it owes to foster children entrusted in its care and that it has a broken system of child welfare that results in any of the failures or damages alleged in Paragraph 2.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, wherein no federal or state law is identified.

3.      Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore, deny the same.

4.      CYFD denies that foster children are routinely cycled through numerous short-term placements.  CYFD also denies any failure to maintain a system to ensure appropriate placements, including any failure to recruit, license, train, or support foster care placements, support staff, and service providers. CYFD further denies that any alleged pattern of routine cycling is the result of any such failure on the part of CYFD. CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore, denies the same. HSD states

that it has no authority in New Mexico's system of child welfare including, but not limited to, the placement of children and is without information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      With respect to paragraph 5 of the Complaint, HSD states that it has no authority in New Mexico's system of child welfare including, but not limited to, the placement of children and denies the allegations regarding children in state custody being denied services provided by New Mexico's Medicaid program.  HSD further denies the allegation that 42 U.S.C. §622(b)(2) requires HSD to "evaluate a child's health within thirty days of entering state custody and ensure a coordinated and integrated system of care in the least restrictive environment."  CYFD denies the allegations that it lacks a functioning system to meet the needs of the children in its custody. Defendants deny any failure in the implementation of a system capable of promptly screening, diagnosing, and providing appropriate services and further deny that deterioration of children's health or unnecessary placement in residential facilities are the result of any such failure. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore, deny the same.

6.      CYFD is denies the allegations in Paragraph 6 of the Complaint. With respect to paragraph 6 of the Complaint, HSD states that it has no authority in New Mexico's system of child welfare and is without information sufficient to form a belief as to the truth of Paragraph 6.

7.      With respect to Paragraph 7 of the Complaint, HSD denies the allegations pertaining to knowledge regarding New Mexico foster children. CYFD denies that as a result any failure on its part, that children in state custody are unable to access any services available.  CYFD further denies the allegations pertaining to knowledge regarding New Mexico foster children.

Defendants are without information sufficient to form a belief as to the remaining allegations in Paragraph 7, and therefore deny the same.

8.     The allegations in Paragraph 8 contain the Plaintiff's characterization of a document that is not attached to the Complaint as an exhibit and which, ultimately, speaks for itself.  Therefore, Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore, deny the same. HSD further states that it has no authority in New Mexico's system of child welfare.

9.     The allegations in Paragraph 9 contain Plaintiffs' characterizations of Medical and Social Science determinations which are not supported by documentation attached to the Complaint as an exhibit and which would, ultimately, speak for itself.  HSD denies it has any obligation to "establish and maintain a system of care that anticipates and is capable of meeting the needs" of children who have experienced abuse, abandonment and neglect as alleged in sentence 4.  CYFD denies Plaintiff's characterizations of its obligations as incomplete.  Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore, deny the same.

10.     With respect to Paragraph 10, CYFD denies the allegations in paragraph 10 of the Complaint. HSD states that it has no authority in New Mexico's system of child welfare and is without information sufficient to form a belief as to the truth of the allegations therein, and therefore, denies the same.

11.     With respect to paragraph 11, Defendants deny that they have shown any disregard or deliberate indifference towards any of their duties or children in state custody. CYFD admits that it has an obligation to safeguard the rights, health, and well-being of children in state custody, but denies that this is a complete description of its duties, which must be considered in their

entirety. CYFD denies any characterization of its duties that is inconsistent with such a consideration. HSD states that it has no authority in New Mexico's system of child welfare and is without information sufficient to form a belief as to the truth of the remaining allegations, and therefore, denies the same.

a.  Defendants acknowledge the authority cited by Plaintiffs in Paragraph 11(a) of the Complaint, but deny that Plaintiffs are entitled to relief pursuant to that authority. Defendants deny the allegations in Paragraph 11(a) of the Complaint.

b.  In response to Paragraph 11(b) of the Complaint HSD denies that it is required to provide 'trauma-sensitive approaches and training" as alleged in sentence 1 and that it has any authority in transfers of children in facilities as alleged in sentence 2. HSD further denies its acts resulted in trauma on children in state custody and admits the remainder of sentence 4 as it relates to Medicaid services. CYFD denies any trauma on children in its custody resulting from its acts. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11(b) of the Complaint and, therefore, deny the same.

c.  CYFD acknowledges the authority cited by Plaintiffs in Paragraph 11(c), but denies that Plaintiffs are entitled to relief pursuant to that authority. CYFD denies the allegations in Paragraph 11(c) of the Complaint. HSD denies the allegations in Paragraph 11(c) as it has no authority in the placement of children.

d.    CYFD acknowledges the authority cited by Plaintiffs in Paragraph 11(d) of the Complaint, but denies that Plaintiffs are entitled to relief pursuant to that authority. CYFD denies the allegations in Paragraph 11(d) of the Complaint. HSD denies the allegations in paragraph 11(d) as it has no authority in the child welfare system or placement of children in foster care. HSD further denies children are in HSD's custody.

e.    HSD denies the Medicaid Act statutorily requires it to "arrange for" early screening and diagnostic services as alleged in the first sentence of Paragraph 11(e). HSD denies the remaining allegations in Paragraph 11(e). CYFD is without information sufficient to form a belief as to truth of the allegations regarding what is required of HSD, and therefore, denies the same. CYFD denies the remaining allegations in Paragraph 11(e) of the Complaint.

f.    CYFD acknowledges the authority cited by Plaintiffs in Paragraph 11(f), but denies that Plaintiffs are entitled to relief pursuant to that authority. CYFD denies the allegations in Paragraph 11(f) of the Complaint. HSD is without information sufficient to form a belief as to the allegations regarding ICWA requirements, and therefore, denies the same. HSD has no obligations in ICWA foster care placement and therefore denies the remaining allegations in Paragraph 11(f).

12.    Defendants deny the allegations in paragraph 12 of the Complaint. HSD further states that it has no authority in the child welfare system.

13.    Defendants deny any acknowledgements as characterized by Plaintiffs in Paragraph 13 of the Complaint.  Defendants are without information sufficient to form a belief as to the remaining allegations in Paragraph 13, which reference unidentified "experts" and a system of care composed of 5 elements without attached documentation, and therefore, deny the same.

14.    Defendants deny the allegations in paragraph 14 and request that the Court deny the relief requested therein.

## PARTIES

**A.**        **Plaintiffs**

15.    With respect to the allegations in paragraph 15, Defendants admit that the Plaintiffs are fourteen foster children and non-profit organizations Disability Rights New Mexico and Native American Disability Law Center.  Defendants also admit that the Plaintiffs purport to bring this action on behalf of the described class for the purported purpose, but deny that this action meets the requirements of a class action and deny that they are not fulfilling any federal legal obligations. HSD denies that it is responsible for administering the child welfare system.

16.    With respect to the allegations in Paragraph 16, CYFD admits that **Kevin S.** is a fourteen-year-old Latino from Bernalillo County and that he entered CYFD custody in 2009 due to abuse and neglect.  Upon information and belief, Kevin S. was returned to the physical custody of his mother in April 2014 for a home trial visit until September 2014 when his mother regained full custody.  CYFD admits that in 2016, Kevin S.'s mother requested that he be placed back in CYFD custody. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16, and therefore, deny the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore, denies the same.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     CYFD admits the allegations in Paragraph 18 of the Complaint. HSD has no authority in the child welfare system administered by CYFD and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore, denies the same.

19.     CYFD admits the allegations in Paragraph 19 of the Complaint. HSD has no authority in the child welfare system administered by CYFD and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore, denies the same.

20.     Upon information and belief, CYFD states that Kevin S. was returned to the physical custody of his mother in April 2014 for a home trial visit until September 2014, when his mother fully regained custody.  CYFD admits that Kevin S.'s mother was unable to manage his behavior and that, upon information and belief, shortly after she regained custody, she sent him to a residential treatment center in Texas from about October 2014 to about March 2016.  CYFD admits that Kevin S. was returned to CYFD custody in 2016. CYFD denies that Kevin S. has received inadequate mental and behavioral health services, or any other inadequate services or treatment, at any time while in CYFD custody and that any escalating behavior of Kevin S. was attributable to any such inadequacy. With respect to the allegations regarding inadequate counseling with Kevin S.'s mother, CYFD denies these allegations and states that the mother's attendance at family therapy sessions and at her individual therapy sessions was unreliable. At one point, after it was recommended by Kevin S.'s therapist, visits with his mother were even temporarily suspended for a couple of months because her inconsistent attendance disappointed Kevin S. and resulted in negative reactions. Additionally, after Kevin S.'s mother requested that he be returned to CYFD custody in 2016, she made it clear that she had no interest in seeing Kevin S. and ceased contact with CYFD for a period of time. Despite CYFD's repeated efforts, family

therapy with her could not be arranged. Any inadequacy in counseling with Kevin S.'s mother has been due to her inconsistency and unavailability. To the extent the allegations are not expressly admitted, CYFD denies the remaining allegations in Paragraph 20 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore, denies the same.

21.     CYFD admits that Kevin S. was placed in an emergency shelter for youth ages sixteen to twenty-one for approximately a week, Casa Hermosa with Youth Development Institute ("YDI"). This occurred when Kevin S.'s mother relinquished custody of him and he had nowhere to go. That emergency shelter was the only place that agreed to take Kevin S. After Kevin S. assaulted some of the other youth there, ran away, and refused to return, the shelter requested that he be removed.  Kevin S. then went to Amistad, another YDI youth shelter. He was there for one night when he punched, bit, and kicked a staff member and was kicked out of the shelter.  CYFD states that it desperately tried to secure placement for Kevin S., but due to his aggressive behavior, he was rejected from all New Mexico facilities.  When the residential treatment center in Colorado accepted Kevin S., CYFD worked to ensure Kevin S.'s placement as quickly as possible, but it took a couple of days for insurance to go through, for final approval to be obtained, and for transportation to be arranged.  In the meantime, no alternative placement could be found.  As a result, CYFD admits that Kevin S. did spend two nights at the CYFD office and he did run away. Kevin S. was then sent to the RTC in Colorado. CYFD admits that there were some incident reports, mostly for Kevin S.'s aggressive behavior.  Upon information and belief, Kevin S. was only restrained when it was necessary to prevent him from harming others or himself. Kevin S. did stay at the Colorado facility for about a year. Upon his release, CYFD states that it tried to secure placement for him at a New Mexico facility, but received only denials.  CYFD admits that

Kevin S. was accepted to and went to an out of state residential treatment center in Utah. CYFD admits that Kevin S. arrived at the Utah facility in September of 2017 and that he was moved between three facilities within the center due to behavioral issues including elopement and sexual misconduct with other residents. CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Kevin S.'s placements, and therefore, denies the same.  CYFD is without sufficient information to form a belief as to the truth of the allegations that Kevin S. was "repeatedly harmed" by staff and other residents at the center or that he was restrained multiple times a week for substantial periods of time, or that he has not been visited by his permanency planning worker and therefore, denies the same. To the extent the allegations are not expressly admitted, CYFD denies the remaining allegations in Paragraph 21 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore, denies the same.

22.     Defendants admit the allegations in Paragraph 22 of the Complaint.

23.     CYFD admits Plaintiff **Chris W.** is an African-American fourteen-year-old from Torrance County. He entered CYFD custody in April 2016 when his mom died of asthma.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23, and therefore deny the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore, denies the same.

24.     Defendants admit the allegations in Paragraph 24 of the Complaint.

25.     CYFD admits the allegations in Paragraph 25. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore, denies the same.

26.     CYFD admits that Chris W. experiences behavioral challenges and that he has been diagnosed with post-traumatic stress disorder, behavioral dysregulation, oppositional defiant disorder, intermittent explosive disorder, and additional trauma-related disorders, among other diagnoses.   CYFD is without sufficient information regarding the remaining allegations in Paragraph 26 of the Complaint and therefore denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore, denies the same.

27.     CYFD denies that Chris W. has received inadequate medical, mental and behavioral services while in CYFD custody.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 and therefore denies the same. However, CYFD states that, upon information and belief, Chris W. attended Camp Corazon, a camp for grieving children in the Summer of 2016 and as early as June or July of 2016 a therapist from Albuquerque Cooperative Therapeutics was visiting the home once a week. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore, denies the same.

28.     CYFD admits Chris W. was initially placed with his two brothers with a foster family in Edgewood and that the foster parents requested Chris W. be removed, but denies that it failed to provide any support for them.  CYFD admits Chris W. was separated from his siblings and was moved to Amistad Youth Crises Facility and to another foster home, prior to placement at a residential treatment center.  CYFD admits Chris W. stayed at the residential treatment center

for about a month and that while there Chris W. did have incidents where he was restrained and

moved from one section of the center to another for his safety and the safety of others.  CYFD

affirmatively states Chris W. was moved to the Bernalillo County Detention Center for assaulting

a nurse, followed by two short-term youth shelters in Taos and Albuquerque and a treatment foster

home in Las Cruces. CYFD admits when the treatment foster home notified CYFD that it was

going to discharge Chris W. due to behavioral issues, CYFD had difficulty finding a placement in

New Mexico that would accept Chris W.  CYFD admits Chris W. ran away from a shelter and

went missing for nearly a month.  CYFD admits Chris W. is currently at an out of state in a

treatment center in Arizona. CYFD denies Chris W. placed in a residential treatment center in

Albuquerque after his elopement, once he was located.  CYFD also denies that Chris W. was

blamed for his lack of response to services or that any such services were inadequate. CYFD is

unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a

belief as to the truth of the allegations regarding the number of Chris W.'s placements.   To the

extent any allegations are not expressly admitted in Paragraph 28, those allegations are denied.

HSD denies that it failed to provide supports for Chris W's foster parents. HSD has no authority

in the child welfare and is without information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 28, and therefore, denies the same.

29.     Defendants admit the allegations in Paragraph 29 of the Complaint.

30.     CYFD admits the allegations in Paragraph 30 of the Complaint. HSD has no

authority in the child welfare system and is without information sufficient to form a belief as to

the truth of the allegations in Paragraph 30 of the Complaint, and therefore, denies the same.

31.     Defendants admit the allegations in Paragraph 31 of the Complaint.

32.     CYFD admits the allegations in Paragraph 32 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore, denies the same.

33.     CYFD admits the allegations in Paragraph 33 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore, denies the same.

34.     CYFD denies that **Jennifer H.** received inadequate health services while in its custody and that it repeatedly placed her in unstructured environments. CYFD states that that Jennifer H.'s psychological evaluation speaks for itself and must be read in its entirety, and they denies the allegations in Paragraph 34 to the extent they are inconsistent with such a reading. CYFD further states that the psychological evaluation ultimately recommended that Jennifer H. be placed in a residential treatment setting. Upon information and belief, less than a week later, Jennifer H. was placed at Desert Hills residential treatment center.  CYFD is without information sufficient to form a belief as to the remaining allegations in Paragraph 34, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore, denies the same.

35.     CYFD admits that Jennifer H. did stay with multiple foster parents and other treatment facilities.  However, CYFD states that this was because Jennifer H. frequently ran away and engaged in unsafe behavior such as doing drugs, and, upon information and belief, had a history of making false accusations of sexual assault. The result of these behaviors was either that Jennifer H. would refuse to return, or the home or facility would request she be moved because they did not feel they could keep her safe. CYFD admits that in one foster home, Jennifer H. alleged she was the victim of sexual abuse from her foster father.  Due to her history of running

away and engaging in unsafe behaviors and of making false sexual abuse allegations, it was determined that Jennifer H. could not be placed in an adoptive home.  However, she was denied placement at numerous facilities both in and out of New Mexico.  When Jennifer H. was accepted to a residential treatment center in Missouri, she was sent there as alternative placement was not found.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Jennifer H.'s placements, and therefore denies the same.  CYFD denies the remaining allegations in Paragraph 35. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and therefore, denies the same.

36.     Defendants admit the allegations in Paragraph 36 of the Complaint.

37.     CYFD admits that **Diana D.** is a sixteen-year-old from San Juan County.  CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 37, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore, denies the same.

38.     CYFD admits that Diana D.'s mother has struggled with substance abuse and homelessness and that Diana D. entered CYFD custody in 2016.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore, denies the same.

39.     Defendants admit the allegations in Paragraph 39 of the Complaint.

40.     CYFD admits the allegations in Paragraph 40 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore, denies the same.

41.     With respect to Paragraph 41, CYFD admits that Diana D. has trouble regulating her emotions, making decisions, focusing, interpreting cues from others, sleeping, eating, accepting change, and forming trusting relationships with peers and adults. CYFD admits that during her time in CYFD custody, Diana D. was diagnosed with post-traumatic stress disorder, major depressive disorder with psychotic features, an eating disorder and borderline personality traits.  CYFD also admits that there was a suggestion of schizoaffective disorder from a neuropsychological evaluation.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore, denies the same.

42.     CYFD denies that Diana D. has received inadequate health services while in CYFD custody and that she has not been provided with continuity of care. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42, and therefore, denies the same. HSD has no authority in the child welfare system administered by CYFD and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore, denies the same.

43.     CYFD admits that there was an incident in which Diana D. ingested an unknown substance and held a knife to herself.  CYFD denies that Diana D. was placed in treatment foster care due to lack of available community-based placements. Upon information and belief, Diana D. was very involved in her discharge from and placement after the center and was willing and

hoping to get treatment foster care placement. Additionally, treatment foster care was recommended after discharge by Diana D.'s psychiatrist, therapist, and the rest of her treatment team at the residential treatment center. CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Diana D.'s placements, and therefore, denies the same. CYFD is unsure of the date of Diana D.'s discharge from the referenced residential treatment center. CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 43, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore, denies the same.

44.     In response to Paragraph 44, CYFD denies any failure to provide stability or appropriate health services. CYFD further denies any failure to address the impact of trauma on Diana D.'s health and that any behavioral challenges Diana D. has experienced have resulted from any such alleged failure. CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 44, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore, denies the same.

45.     CYFD admits that at some point, Diana D. had a broken bracket in her braces. CYFD denies that Diana D. did not receive adequate dental care. CYFD is without sufficient information to form a belief as to the truth of the allegations in Paragraph 45, and therefore, denies the same. HSD has no authority in the child welfare system administered by CYFD and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint, and therefore, denies the same.

46.     CYFD denies any failure to inform placements of Diana D.'s educational needs. CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 46, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore, denies the same.

47.     Defendants admit the allegations in Paragraph 47 of the Complaint.

48.     With respect to the allegations in Paragraph 48, Defendant CYFD admits that **Brian J.** is a Latino thirteen-year-old from Bernalillo and Valencia Counties and that he entered CYFD custody in May 2017 with his two brothers.  CYFD admits that Brian J.'s father has been incarcerated for the majority of the past 10 years.  Defendant CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore, denies the same.

49.     Defendants admit the allegation in Paragraph 49 of the Complaint.

50.     CYFD admits the allegations in Paragraph 50 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore, denies the same.

51.     CYFD admits the allegations in Paragraph 51 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and therefore, denies the same.

52.     CYFD denies that Brian J. has received inadequate health services while in its custody.  CYFD is without information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 52, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore, denies the same.

53.     CYFD admits that Brian J. and his brothers were first sent to a foster home approximately one hour away, were moved to a youth shelter in Farmington, New Mexico, where they stayed for approximately three weeks. The brothers were then placed with their paternal aunt near the first foster placement. Subsequently, Brian J's. aunt requested that Brian J. be removed from the home.  CYFD admits that it separated Brian J. from his siblings and placed him with his mother in Valencia County.  After about seven weeks with his mother, Brian J. was removed again and placed in a youth shelter in Albuquerque, after which Brian J. was returned home with his mother.  CYFD denies the alleged failures regarding the placement of Brian J.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Brian J.'s placements, and therefore, denies the same. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint, and therefore, denies the same.

54.     CYFD admits that Brian J has had and IEP for years.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint, and therefore, denies the same.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     CYFD admits that **Elliot J.** is a fourteen-year-old Latino from Bernalillo and Valencia Counties, that he entered CYFD custody in May 2017 with his two brothers, and that his father has been incarcerated for the majority of the past ten years.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the allegations in Paragraph 56, and therefore, denies the same.

57.     Defendants admit the allegation in Paragraph 57 of the Complaint.

58.     CYFD admits the allegations in Paragraph 58 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore, denies the same.

59.     CYFD admits that Elliot J. sometimes exhibits behavioral challenges, including outbursts, and has tried to run away, has difficulty regulating his emotions, concentrating, staying engaged, expressing himself verbally, and exhibiting age-appropriate behavioral controls. CYFD also admits Elliot J. has also been diagnosed with attention deficit/hyperactivity disorder, an intellectual development disorder, language disorder with speech/language impairment, unspecified neurodevelopmental disorder, sibling relational problems, and parent-child relational problems. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the allegations in Paragraph 59, and therefore, denies the same.

60.     CYFD admits that Elliot J. received a comprehensive psychological evaluation in April 2018.  CYFD is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 60, and therefore, denies the same.  HSD has

no authority in the child welfare system and is without information sufficient to form a belief as to

the allegations in Paragraph 60, and therefore, denies the same.

61.    CYFD admits that Elliot J. was in a placement in Farmington and a placement with

his aunt near their first foster placement, and that Elliot was later removed from his aunt's home

and returned to his mother. CYFD is unsure of Plaintiffs' definition of "placements" and so is

without sufficient information to form a belief as to the truth of the allegations regarding the

number of Elliot J.'s placements, and therefore, denies the same.  CYFD is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 61, and therefore, denies the same. HSD has no authority in the child welfare system

and is without information sufficient to form a belief as to the allegations in Paragraph 61, and

therefore, denies the same.

62.    Defendants are without information sufficient to form a belief as to the allegations

in Paragraph 62, and therefore, deny the same.

63.    Defendants admit the allegations in Paragraph 63 of the Complaint.

64.    CYFD admits that **Michael J.** is a twelve-year-old Latino from Bernalillo and

Valencia Counties, who entered CYFD custody in May 2017 with his two brothers, and that his

father has been incarcerated for the majority of the past ten years.  CYFD is without information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and therefore,

denies the same.  HSD has no authority in the child welfare system and is without information

sufficient to form a belief as to the allegations in Paragraph 64, and therefore, denies the same.

65.    Defendants admit the allegation in Paragraph 65 of the Complaint.

66.     CYFD admits the allegations in Paragraph 66 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the allegations in Paragraph 66, and therefore, denies the same.

67.     CYFD admits Michael J. struggles with self-confidence and task-avoidance, and that he avoids disclosing abuse in order to not disrupt placements. CYFD also admits Michael J. has been diagnosed with adjustment disorder, sibling relational problems, parent-child relational problems, and other specific learning disorders. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the allegations in Paragraph 67, and therefore, denies the same.

68.     CYFD admits that Michael J. received a comprehensive psychological evaluation in April 2018.  This evaluation noted an adequate prognosis for Michael J., with "ample support and guidance." CYFD denies that Michael J. received inadequate health services while in its custody. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the allegations in Paragraph 68, and therefore, denies the same.

69.     CYFD admits that Michael J. was in a placement in Farmington and a placement with his aunt near his first foster placement, and that Michael J. was later removed from his aunt's home and returned to his mother.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Michael J.'s placements, and therefore, denies the same.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 69, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore, denies the same.

70.     Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore, deny the same.

71.     Defendants admit the allegations in Paragraph 71 of the Complaint.

72.     CYFD admits that Plaintiff Olivia L. is a thirteen-year-old Hispanic child from Bernalillo County. CYFD admits she entered its custody for the second time in 2016 due to sexual abuse by her mother's partners and physical abuse and neglect by her mother.  CYFD admits that Olivia L. and her three siblings are all in CYFD custody.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 72, and therefore, deny the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore, denies the same.

73.     Defendants admit the allegation in Paragraph 73 of the Complaint.

74.     CYFD admits Olivia L. has experienced multiple forms of trauma, including sexual and physical abuse, neglect, and separation from caregivers. Defendant CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore, denies the same.

75.     Defendant CYFD admits Olivia L. experiences flashbacks and self-harming behaviors, including cutting and has difficulty sleeping. Olivia L. has been diagnosed with

depression and post-traumatic stress disorder. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75, and therefore, deny the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore, denies the same.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     CYFD admits Olivia L. has been in placements including a treatment foster care placement, relative placement, multiple short-term shelters, and a residential treatment center, and treatment foster care.  CYFD admits that it removed Olivia L. when she was found cutting herself and using substances.  Olivia L. was transferred to treatment foster care in April 2018 but refused to enter the placement and instead stayed briefly with her biological mother. CYFD was notified of Olivia L.'s location and eventually placed her in a shelter over 300 miles from Albuquerque, where she stayed for over one month. CYFD admits that it then moved Olivia L. to another residential treatment facility in Albuquerque in mid-June 2018. Defendant CYFD is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77, and therefore, deny the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore, denies the same.

78.     Defendants admit the allegations in Paragraph 78 of the Complaint.

79.     CYFD admits that **Matty B.** is a white eleven-year-old from Torrance County and that he entered CYFD custody with his two brothers in November 2016 due to neglect.  CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 79, and therefore, denies the same. HSD has no authority in the child welfare system

and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore, denies the same.

80.     Defendants admit the allegation in Paragraph 80 of the Complaint.

81.     CYFD admits the allegations in Paragraph 81 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore, denies the same.

82.     CYFD admits the allegations in Paragraph 82 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore, denies the same.

83.     CYFD admits that Matty B. received a neuropsychological evaluation in June 2017, that the evaluation diagnosed Matty B. with an unspecified neurocognitive disorder and borderline intellectual functioning, and that Matty B.'s school disagreed with the evaluation's diagnosis. CYFD denies that Matty B. has received inadequate medical, mental, and behavioral health services.  CYFD is without information sufficient to form a belief as to whether Matty B. was misdiagnosed, and therefore denies the same.  However, to the extent any misdiagnosis occurred, this and any resulting consequences cannot be attributed to CYFD as CYFD was not the diagnosing physician nor did it have any agency relationship with the diagnosing physician. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 83, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore, denies the same.

84.     CYFD admits that in August 2017, there was an incident that resulted in in the emergency removal of Matty B. and one his brothers from their foster home, but deny that this

incident was the result of any lack of oversight by CYFD.  CYFD denies that Matty B. received untimely or inadequate therapy to address his grief, sexualized behaviors, neglect or other behavioral challenges.  CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 84, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore, denies the same.

85.     CYFD admits that Matty B. had an emergency change in placement that separated him from his siblings and required a change in school setting.  During the incident, Matty B. promoted his younger brother, Justin B.'s, sexually inappropriate actions on one of the foster mother's granddaughters by encouraging him to forcefully hold her down, rub himself on her, and attempt to kiss her.  Matty B. then in turn exposed himself to the foster mother's other granddaughter and tried to kiss her.  The foster mother became uncomfortable with having the boys in the house with her grandchildren and requested their removal.  Prior to this incident, the two brothers had also been having sexually inappropriate behavior with each other. In consideration of these circumstances, it was determined that separation of the boys was appropriate to address their sexualized behavior. CYFD admits that after this incident, Matty B. was sent to an emergency foster care placement for about twelve days and then to a foster care home in Albuquerque.  CYFD admits that Matty B. and his brothers were placed in a foster home in Estancia at another time.  CYFD denies that it failed to provide transportation assistance and that any such failure contributed to inconsistent visitation with the parents.  CYFD states that it tried to accommodate the parents by sending an employee to transport when available, by assisting the parents with obtaining bus passes, and by helping to arrange for insurance covered transportation. However, the parents did not fulfil or delayed fulfilling their obligations so that such arrangements

could be made.  In addition, the parents often did not show up to scheduled visitations and when they did, they would often arrive late or leave early.  CYFD denies that it failed to provide Matty B. with stability or that it denied him appropriate health services.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Matty B.'s placements, and therefore, denies the same. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore, denies the same.

86.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint, and therefore, deny the same.

87.     Defendants admit the allegations in Paragraph 87 of the Complaint.

88.     CYFD admits the allegations in Paragraph 88 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore, denies the same.

89.     Defendants admit the allegation in Paragraph 89 of the Complaint.

90.     CYFD admits the allegations in Paragraph 90 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore, denies the same.

91.     CYFD admits the allegations in Paragraph 91 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and therefore, denies the same.

92.     CYFD admits that in August 2017, there was an incident that resulted in in the emergency removal of **Justin B.** and one his brothers from their foster home, but denies that this incident was the result of any lack of oversight by CYFD.  CYFD denies that Justin B. has received inadequate mental and behavioral health services and that he received untimely or inadequate therapy to address his grief, sexualized behaviors, neglect, or other behavioral challenges.  Upon information and belief, CYFD states that Justin B. received a neuropsychological evaluation in October 2017.  CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 92, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and therefore, denies the same.

93.     CYFD admits that Justin B. and his brothers were placed in a foster home in Estancia. CYFD admits that Justin B. was separated from his siblings, but states that such separation was appropriate in order to address Justin B.'s sexualized behavior towards his older brother and others. CYFD admits that Justin B. was sent to emergency foster care placement for about twelve days and then to a treatment foster care home in Albuquerque. CYFD denies that it failed to provide transportation assistance and that any such failure contributed to inconsistent visitation with the parents.  CYFD states that it tried to accommodate the parents by sending an employee to transport when available, by assisting the parents with obtaining bus passes, and by helping to arrange for insurance covered transportation. However, the parents did not fulfil or delayed fulfilling their obligations so that such arrangements could be made.  In addition, the parents often did not show up to scheduled visitations and when they did, they would often arrive late or leave early.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of

Justin B.'s placements, and therefore, deny the same.  CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 93, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and therefore, denies the same.

94.     Defendants admit the allegations in Paragraph 94 of the Complaint.

95.     CYFD admits the allegations in Paragraph 95 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and therefore, denies the same.

96.     Defendants admit the allegation in Paragraph 96 of the Complaint.

97.     CYFD admits the allegations in Paragraph 97 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and therefore, denies the same.

98.     CYFD denies the allegations in Paragraph 98 of the Complaint. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and therefore, denies the same.

99.     CYFD admits that Jackson B. was initially placed in a foster home with his two older brothers.  CYFD also admits that Jackson B.'s brothers were removed from the foster home, but denies that this was due to the failure to secure mental and behavioral health services for them, rather it was because they required a higher level of care than could be provided in that setting. CYFD denies that it failed to provide transportation assistance and that any such failure contributed to inconsistent visitation with the parents.  CYFD states that it tried to accommodate the parents by sending an employee to transport when available, by assisting the parents with obtaining bus passes, and by helping to arrange for insurance covered transportation. However, the parents did

not fulfil or delayed fulfilling their obligations so that such arrangements could be made.  In addition, the parents often did not show up to scheduled visitations and when they did, they would often arrive late or leave early.  CYFD also denies any failure to provide support, training, or information to Jackson B.'s foster family.  CYFD is unsure of Plaintiffs' definition of "placements" and so is without sufficient information to form a belief as to the truth of the allegations regarding the number of Jackson B.'s placements, and therefore, denies the same. CYFD is without sufficient information to form a belief as to the remaining allegations in Paragraph 99 of the Complaint, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and therefore, denies the same.

100.    Defendants admit the allegations in Paragraph 100 of the Complaint.

101.    CYFD admits Plaintiff **Lucas M.** is a white five-year-old from Bernalillo County, he and his brother Julian M. entered CYFD custody in April 2018 due to neglect and domestic violence. CYFD admits that Lucas M.'s father abuses alcohol and his mother recently began abusing methamphetamines. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and therefore, denies the same.

102.    Defendants admit the allegation in Paragraph 102 of the Complaint.

103.    CYFD admits the allegations in Paragraph 103 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and therefore, denies the same.

104.   CYFD admits Lucas M. sometimes experiences behavioral challenges, including having difficulty planning, focusing, and regulating his emotions.  CYFD admits that Lucas M. has a severe speech impediment and that he manifests regressive behavior when he visits with his mother and father.  Defendant CYFD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and therefore, denies the same.

105.   CYFD admits Lucas M. has a severe speech impediment and his Guardian ad Litem applied for a referral to a speech therapist for Lucas M. while he was in custody.  CYFD denies that Lucas M. has received inadequate health services while in its custody. CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and therefore, denies the same.

106.   CYFD admits Lucas M. has had the three placements described; he and his brother were first in a non-relative foster placement until CYFD found a relative foster placement. CYFD then placed Lucas M. and his brother with their aunt, for two weeks and then with a fictive kin.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and therefore, denies the same.

107.   Defendants admit the allegations in Paragraph 107 of the Complaint.

108.   CYFD admits Plaintiff **Julian M.** is a white nine-year-old from Bernalillo County, he that and his brother Lucas M. entered CYFD custody in April 2018 due to neglect and domestic violence. CYFD admits that Julian M.'s father abuses alcohol and his mother recently began abusing methamphetamines.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore, denies the same.

109.   Defendants admit the allegations in Paragraph 109 of the Complaint.

110.   CYFD admits the allegations in Paragraph 110 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and therefore, denies the same.

111.   CYFD admits Julian M. sometimes experiences behavioral challenges, including outbursts, has difficulty regulating his emotions, planning and making decisions.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and therefore, denies the same.

112.   Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore, deny the same.

113.   CYFD admits Julian M. has had the three placements described; he and his brother were first in a non-relative foster placement until CYFD found a relative foster placement. CYFD then placed Julian M. and his brother with their aunt, for two weeks and then with a fictive kin.  CYFD is without information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph 113, and therefore, denies the same.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore, denies the same.

114.    Defendants admit the allegations in Paragraph 114 of the Complaint.

115.    CYFD admits **David G.** is a white eleven-year-old from Grant County and that he entered CYFD custody in 2016. David G.'s mother is currently incarcerated.  CYFD admits that David G. entered CYFD custody when, his grandmother asked that he be removed from her care and placed in CYFD custody.  CYFD is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and therefore, denies the same. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore, denies the same.

116.    Defendants admit the allegations in Paragraph 116 of the Complaint.

117.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

118.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

119.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

120.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

121.    Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

122.   Defendants are without information sufficient to form a belief as to the allegations in Paragraph 117 of the Complaint, and therefore, deny the same.

123.   Defendants admit the allegations in Paragraph 123 of the Complaint.

124.   In response to Paragraph 124 of the Complaint, Defendants acknowledge the authorities cited by Plaintiff, but are without sufficient information to form a belief as to the truth of the allegations in Paragraph 124, and therefore, deny the same.

125.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint, and therefore, deny the same. Defendants acknowledge the authority cited by Plaintiffs in Paragraph 125, but state that it speaks for itself and deny any characterizations inconsistent with its text.

126.   Defendants deny that 42 U.S.C. §10801(b)(2)(A) "authorizes" DRNM.  Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint, and therefore, deny the same.  HSD further affirmatively sates that it has no authority in the child welfare system.

127.   Defendants deny DRNM's purported authority and are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 of the Complaint, and therefore, deny the same. HSD further affirmatively sates that it has no authority in the child welfare system.

128.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint, and therefore, deny the same.  Defendants acknowledge the authorities cited to in Paragraph 128, but state that they speak for themselves and deny any characterizations that are inconsistent with their texts.

129.   With respect to the allegations in Paragraph 129, HSD states that it has no authority in the child welfare system and denies any allegations that HSD has a role in the placement of children or that it has failed to provide necessary Medicare services.  CYFD denies any alleged failures in the placement of children or provision of services.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 129 of the Complaint, and therefore, deny the same.

**B.          Defendants**

130.   With respect to paragraph 130, HSD admits that it is responsible for administering, but not supervising Medicaid services for eligible children.  HSD admits NMSA §9-8-13(A)(1) states; "the social services division of the department has the authority to establish, administer and supervise child welfare activities and social services to children."  HSD admits it is the single state agency designated to administer New Mexico's Medicaid program.  CYFD admits that it is responsible for administering and supervising New Mexico's child welfare services. HSD denies that it is responsible for administering or supervising the child welfare system.  CYFD denies that it is responsible for administering or supervising Medicaid services to eligible children.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 130, and therefore, denies the same.

131.  In response to Paragraph 131 of the Complaint, CYFD admits that Monique Jacobson was the Cabinet Secretary of the New Mexico Children, Youth and Families Department at times pertinent to the Complaint, but state that she no longer holds this position.  CYFD admits that as the Cabinet Secretary, Monique Jacobson had responsibilities described, but denies that this is a complete description of her responsibilities, which must be considered in their entirety. CYFD denies any characterization inconsistent with such a consideration.  HSD is without information

sufficient to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint, and therefore, denies the same.

132. In response to Paragraph 132 of the Complaint, HSD denies the allegations pertaining to the Social Services Division of HSD as there is no such division. HSD admits the remaining allegations of Paragraph 132 noting that the collaborative is correctly titled as the Behavioral Health *Purchasing* Collaborative. CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint, and therefore, denies the same.

133. Defendants admit the allegations in Paragraph 133.

## JURISDICTION AND VENUE

134. In response to Paragraph 134 Defendants deny that the acts and omissions alleged in the Complaint occurred. Defendants admit the remaining allegations in Paragraph 134 of the Complaint.

135. Defendants admit the allegations in Paragraph 135 of the Complaint.

## CLASS ALLEGATIONS

136. In response to Paragraph 136 Defendants admit that the Plaintiffs seek injunctive relief according to the purported Class and Sub-class, but deny that the requirements of the Federal Rules of Civil Procedure are met with respect to those classes.

137. Defendants admit that Plaintiffs purport to bring this action on behalf of the class defined in Paragraph 137 of the Complaint, but deny that this action meets the requirements of a class action.

138.   Defendants admit that Plaintiffs purport to bring this action on behalf of the sub-class defined in Paragraph 138 of the Complaint, but deny that this action meets the requirements of a class action.

139.   Defendants deny the allegations in Paragraph 139 of the Complaint, including that their policies or practices violate Plaintiff's substantive due process rights under the Fourteenth Amendment of the U.S. Constitution, the Rehabilitation Act, the Americans with Disabilities Act, the Medicaid Act, and/or the Indian Child Welfare Act.   HSD further denies that it has any authority in the child welfare system.

140.   Defendants state that Plaintiffs appear to have accurately cited to the sources of public record, but state that those records speak for themselves and must be read in their entirety. Defendants deny the allegations to the extent they are inconsistent with such a reading.   The remaining allegations in Paragraph 140 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

141.   Defendants state that Paragraph 141 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, the allegations are denied. HSD further states that it has no authority in the placement of children in foster care.

142.   Defendants state that Paragraph 142 of the Complaint contains legal conclusions to which no response is required.   To the extent a response is required, the allegations regarding typicality of the claims are denied.   Defendants further deny that the purported class meets the requirements of the federal rules of civil procedure and that any acts, omissions, policies, or practices of Defendants result in denial of access to benefits for Plaintiffs or the purported class. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142, and therefore, deny the same.

143.    Defendants state that Paragraph 143 of the Complaint contains legal conclusions to which no response is required.  To the extent a response

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

## FACTUAL ALLEGATIONS

I.    **CYFD AND HSD'S RESPONSIBILITY FOR NEW MEXICO'S SYSTEM OF CHILD WELFARE AND DELIVERY OF MEDICAL, MENTAL HEALTH, AND BEHAVIORAL HEALTH SERVICES.**

A.    **CYFD's Duty to Administer New Mexico's Child Welfare System**

145.    CYFD admits the allegations in Paragraph 145 of the Complaint.  HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint, and therefore, denies the same.

146.    In response to Paragraph 146 of the Complaint, CYFD admits that it is the child welfare agency responsible for child protective services in New Mexico.  CYFD states that the cited authorities speak for themselves and denies any characterization of the authorities that is inconsistent with their texts.  CYFD further states that, its duties must be considered in their entirety and denies any characterizations or allegations inconsistent with such a consideration. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint, and therefore, denies the same.

147.    In response to Paragraph 147 of the Complaint, CYFD admits that it receives federal funding under the Social Security Act.  CYFD states that the cited authorities speak for themselves and denies any characterization of the authorities that is inconsistent with their texts. CYFD further states that any requirements it adheres to must be considered in their totality and denies any characterization or allegation inconsistent with such a consideration.  HSD has no authority in the

child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint, and therefore, denies the same.

148.   In response to Paragraph 148 of the Complaint, CYFD states that the cited authorities speak for themselves and denies any characterization of the authorities that is inconsistent with their texts. HSD has no authority in the child welfare system and is without information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint, and therefore, denies the same.

### B.   HSD's Medicaid Obligations to Provide a System of Medical, Mental Health, and Behavioral Screening Services

149.   In response to Paragraph 149 of the Complaint, HSD admits that Medicaid is a federal program enacted as part of the Social Security Act, that New Mexico has elected to participate in the program, that HSD is the state agency responsible for administering the program, and that it must follow requirements mandated by the federal government. HSD further states that the cited authorities speak for themselves and denies any characterization of the authorities that differs from their texts or is inconsistent with the statutory requirements in their entirety. CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint, and therefore, denies the same.

150.   In response to Paragraph 150 of the Complaint, HSD admits that EPSDT was enacted in 1976 and admits the stated goal, except that HSD denies Plaintiffs' characterization that EPSDT provides services to "poor children."   HSD states that EPSDT provides services to Medicaid eligible children.  HSD also states that the "[s]uch other necessary" services described in Paragraph 150 are required for EPSDT services, not to all Medicaid eligible recipients as characterized by Plaintiffs.  CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint, and therefore, denies the same.

151.   In response to Paragraph 151 of the Complaint, HSD admits that EPSDT services include all behavioral and mental health Medicaid-covered services that are medically necessary for children.  HSD denies the allegations that all Medicaid-eligible persons under the age of 21 must be provided with EPSDT screenings.  HSD states that screenings are required to be provided only if they are requested.  42 CFR 441.56(b).  HSD denies that it must further provide and arrange for the treatment services alleged in Paragraph 151 as 42 U.S.C. §1396d(a) contains no such requirement.  HSD further denies Plaintiffs characterization of the listed services as "intensive" home and community-based services and that it is obligated to provide home health services, rehabilitative services, case management services or personal care services. 42 U.S.C. §1396a(1)(A) sets forth the care and services required by every State Plan.  CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint, and therefore, denies the same.

152.   In response to Paragraph 152 of the Complaint, HSD admits that EPSDT treatment services must be timely, individualized, and consistent with accepted medical standards. HSD denies Plaintiffs characterization of the deadline for services to be initiated as inconsistent with 42 CFR 441.56(e), which provides that EPSDT treatment must be initiated, if required, generally within an outer limit of 6 months *after the request for screening services*. CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint, and therefore, denies the same.

153.   HSD admits the allegations in Paragraph 153 of the Complaint. CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint, and therefore, denies the same.

**II.   NEW MEXICO FOSTER CHILDREN ARE IMPACTED BY COMPLEX TRAUMA**

A.   **New Mexico Foster Children's Exposure to Trauma**

154.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint, and therefore, deny the same.

155.   CYFD admits that the Plaintiffs described have been separated from siblings in foster care, but deny that these separations occurred due to CYFD's inadequate array of placements or routine cycling of children through multiple placements. CYFD further denies that it often fails to place siblings in the same placement or geographical region.   CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 155, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint, and therefore, denies the same.

156.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore, deny the same.

157.   CYFD admits that Plaintiffs David G., Diana D., and Kevin S. have experienced trauma. CYFD denies the remaining allegations in Paragraph 157 of the Complaint, including the validity of the purported classes.   HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint, and therefore, denies the same.

B.   **Complex Trauma's Effects on Brain Development, Function, and Neurobiology**

158.   Defendants deny that the alleged impairments fall squarely within the meaning of "disability" under the Rehabilitation Act and the ADA.   There must be an evaluation with diagnosis to determine whether the individual meets the definition of disabled. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and therefore, deny the same.

159.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and therefore, deny the same.

160.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore, deny the same.

161.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and therefore, deny the same.

162.    CYFD admits that the Plaintiffs have the difficulties and diagnoses stated in Paragraph 162.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 162, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint, and therefore, denies the same.

163.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and therefore, deny the same.

### C.      Trauma Exposure and Adverse Outcomes for New Mexico's Foster Youth

164.    In response to Paragraph 164, Defendants deny that the purported classes meet the requirements of a class action. Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore, deny the same.

165.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore, deny the same.

### III.    CYFD AND HSD HAVE NOT FAILED TO ESTABLISH AND MAINTAIN A SYSTEM TO ENSURE STABLE AND APPROPRIATE FOSTER CARE PLACEMENTS.

166.    CYFD denies the allegations in Paragraph 166 of the Complaint. Paragraph 166 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD;

to the extent a response is required from HSD, the allegations are denied as HSD has no authority in the child welfare system or foster care placements.

167.   HSD denies the allegations in Paragraph 167 of the Complaint including that it failed to adequately ensure the provision of timely medical, mental health, and behavioral health services or that it has any obligation to do so.  Paragraph 167 of the Complaint does not appear to be directed at CYFD and therefore requires no response from CYFD; to the extent a response is required from CYFD, the allegations are denied.

### A.   Alleged Inadequate and Inappropriate Array of Placements

### 1.   Alleged Numerous and Short-Term Placements

168.   CYFD denies it has a systemic failure to secure an adequate array of appropriate placements or services and that it routinely cycles children through multiple short-term placements. CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 168, and therefore, denies the same. Paragraph 168 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements.

169.   CYFD denies that it routinely cycles children through a series of emergency shelters.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169, and therefore, denies the same. Paragraph 169 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements.

170.   CYFD denies that it routinely places children in short-term emergency shelters for months at a time.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 170, and therefore, denies the same. Paragraph 170 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements.

### 2.        Alleged Overly Restrictive Placements

171.   Defendants deny that they have an inadequate array of less-restrictive placements and that their failure to secure enough placements within New Mexico results in children being sent to out of state residential treatment centers.  CYFD denies that it routinely places children in residential treatment centers solely because no other placement options are available and that it does not regularly monitor children once they are sent to out of state facilities. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 171, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 171 as it has no authority in child welfare system placements, and therefore, denies the same.

172.   With respect to the allegations in Paragraph 172, CYFD admits that at Jennifer H. was sent to a residential treatment center in Missouri, however, CYFD denies that this was due their inability to find placement in New Mexico because Jennifer H. made an allegation of sexual abuse against a foster father.  CYFD further denies that Jennifer H. was effectively punished for making any such allegation.  Jennifer H. was denied at numerous placements, both in and out of state, because she had a history of frequently running away and engaging in unsafe behavior such as doing drugs, and, upon information and belief, she had a history of making false accusations of

sexual assault.  Additionally, upon information and belief the Missouri center was recommended by the Children's Hospital where Jennifer H. was admitted prior.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 172, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 172 as it has no authority in child welfare system placements, and therefore, denies the same.

**B.  Alleged Unsafe and Traumatic Practices, Including Use of Restrain and Seclusion**

173.   CYFD acknowledges the authority cited to by Plaintiffs, but denies the allegations in Paragraph 173 of the Complaint. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 173 as it has no authority in child welfare system placements, nor does it supervise residential treatment centers or treatment foster care providers, and therefore, denies the same.

174.   Defendants are without knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint, and therefore, deny the same.

175.   In response to Paragraph 175, CYFD is aware of a few instances where Kevin S. had to be restrained due to violent conduct towards staff, fellow residents, and himself.  Upon information and belief, when authority figures try to redirect Kevin S.'s aggressive conduct towards others or even tell him no, he often turns to self-harm, including punching himself and hitting his head against walls.  Due to aggressive conduct of this manner, there have been instances where restraint has been necessary for the protection of Kevin S. and others. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 175, including that Kevin S. was "repeatedly" restrained, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 175

as it has no authority in child welfare system placements nor does it supervise residential treatment centers or treatment foster care providers, and therefore, denies the same.

176.  CYFD denies that chemical restraints are routinely used on children in CYFD custody.  CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176 of the Complaint, and therefore, denies the same. HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 176 as it has no authority in child welfare system placements nor does it supervise residential treatment centers or treatment foster care providers, and therefore, denies the same

177.  CYFD is without sufficient information to form a belief as to the truth of the allegations regarding Plaintiffs David G., Kevin S., and Chris W., and therefore, denies the same. CYFD denies the remaining allegations in Paragraph 177.  Paragraph 177 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

### C.  Alleged Inappropriate Placements for Children Covered by ICWA

178.  CYFD denies any failure to place ICWA children in the least restrictive setting that approximates a family. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 178, and therefore, denies the same.  Paragraph 178 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements.

179.  CYFD admits that Plaintiff appears to have accurately quoted the cited source, but denies that any problem with having enough ICWA families is or was the result of any failure by CYFD.  CYFD denies the remaining allegations in Paragraph 179. Paragraph 179 of the Complaint

does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements.

180.   In response to Paragraph 180, CYFD acknowledges that Plaintiffs appear to have accurately quoted from the cited sources, but is without information sufficient to form a belief as to the allegations therein, and therefore, denies the same. HSD is without sufficient information to form a belief as to the truth of the allegations in Paragraph 180 as it has no authority in child welfare system placements, and therefore, denies the same.

181.   In response to Paragraph 181, CYFD acknowledges that Plaintiffs appear to have accurately quoted from the cited sources, but is without information sufficient to form a belief as to the allegations therein, and therefore, denies the same. HSD is without sufficient information to form a belief as to the truth of the allegations in Paragraph 181 as it has no authority in child welfare system placements, and therefore, denies the same.

**D.   Alleged Inadequate Support and Trainings for Foster Families or Relatives**

182.   CYFD denies the allegations in Paragraph 182.  Paragraph 182 does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements or in the support or training of foster care providers.

183.   CYFD denies any failure to provide necessary support to foster parents of family placements.  CYFD is without information to form a belief as to the truth of the remaining allegations in Paragraph 183, and therefore, denies the same.  Paragraph 183 does not appear to be directed at HSD and therefore requires no response from HSD. To the extent a response is required

from HSD, the allegations are denied as HSD has no authority in child welfare system placements or in the support or training of foster care providers.

184.   CYFD denies that it fails to provide adequate trainings and services to foster parents, whether expressly requested or not. CYFD is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 184, and therefore, denies the same.  Paragraph 184 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD. To the extent a response is required from HSD, the allegations are denied as HSD has no authority in child welfare system placements or in the support or training of foster care providers.

### E.   Alleged School Disruption and Inappropriate Placements

185.   CYFD denies any failure to understand the impact of trauma and separation on children and that its placement practices make staying in the same school nearly impossible. CYFD is without sufficient to knowledge to form a belief as to the truth of the remaining allegations in Paragraph 185, and therefore, denies the same. Paragraph 185 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has not authority in child welfare system placements or educational decisions.

186.   CYFD denies that it fails to address children's needs for services and support in school, fails to identify children who need an IEP, fails to notify a child's new school that he or she qualifies for special education services or fails to ensure that children's IEPs are followed. CYFD is without knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186, and therefore, denies the same.  Paragraph 186 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is

required from HSD, the allegations are denied as HSD has not authority in child welfare system placements or educational decisions.

## IV.   NEW MEXICO'S SYSTEM OF CHILD WELFARE IS NOT UNDERSTAFFED AND DOES NOT LACK NECESSARY EXPERTISE.

187.   CYFD denies the allegations in Paragraph 187 of the Complaint.  HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 187 as it has no authority in the New Mexico child welfare system, and therefore, denies the same.

### A.   CYFD's System Does Not Lack Internal Expertise and Does Provide Sufficient Staff Trainings or Support.

188.   CYFD admits that it has recognized the need to appropriately train staff and address the impact of trauma on children and secondary trauma on staff members, but denies that it has failed to do so.   CYFD is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 188, and therefore, denies the same. Paragraph 188 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD. To the extent a response is required from HSD, the allegations are denied as HSD has no authority in CYFD staffing, training, or support.

189.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint, and therefore, deny the same.

### B.   Alleged Failure to Employ Sufficient Numbers of Staff

190.   CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore, denies the same. Paragraph 190 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in CYFD staffing, training, or support.

191.   CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 191, and therefore, denies the same. Paragraph 191 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied as HSD has no authority in CYFD staffing, training, or support.

## V.   CYFD'S AND HSD'S ALLEGED FAILURE TO ESTABLISH AND MAINTAIN A SYSTEM FOR DELIVERY OF MEDICAL, MENTAL HEALTH, AND BEHAVIORAL HEALTH SERVICES CAUSES CHILDREN'S HEALTH TO DETERIORATE WHILE IN STATE CUSTODY.

192.   Defendants deny the allegations in Paragraph 192 of the Complaint. Defendants deny that they have failed to implement a system described "early in the process" as it is undefined as to what process and what is deemed early.  HSD further denies that it has a legal obligation to conduct comprehensive health screenings for children in state custody.

### A.   CYFD's and HSD's Alleged Failure to Adequately Screen for Trauma and Mental and Behavioral Health Needs

193.   HSD denies that it is required to conduct screenings for mental health or behavioral needs.  As HSD has no authority in the child welfare system, there is also no authority requiring HSD to screen the mental or behavioral health of children entering the child welfare system. Defendants deny that there is a legally mandated EPSDT comprehensive screening EPSDT unless requested.  42 C.F.R. 441.59(a). Defendants deny the remaining allegations in Paragraph 193 of the Compliant.

194.   Defendants deny the allegations in Paragraph 194 of the Complaint. HSD specifically denies that it is required to conduct screenings for mental or behavioral health needs.

195.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 195, and therefore, deny the same. HSD specifically denies that it is required to conduct screenings for mental or behavioral health needs.

196.   CYFD denies that it has no system in place to ensure ongoing monitoring of children's mental and behavioral health needs; that it has no system in place for proactively identifying new symptoms, assessing treatment progress, monitoring outcomes, or guiding case progress; and that changes to a child's treatment are nearly exclusively made reactively and typically under crisis circumstances.  HSD denies that it is responsible for a system of assessing mental health needs for children in state custody, as it has no authority in the child welfare system. Plaintiffs cite no legal authority requiring HSD to monitor children's mental and behavioral health needs. HSD denies the Medicaid Act requires screening after a change in placement and Plaintiffs provide no legal authority for their allegation.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 196, and therefore, deny the same.

197.   Defendants deny that they overuse psychiatric drugs, as they have no authority to prescribe medications.  CYFD denies that any escalation in symptoms or behavior are the result of any failure by CYFD and that it lacks a system for monitoring the use of psychotropic medication.  HSD denies that it is responsible for a system for ongoing monitoring of the use of psychotropic medication of children in state custody, as it has no authority in the child welfare system. Plaintiffs cite no legal authority requiring HSD to monitor the use of psychotropic drugs of children in foster care. Defendants are without information sufficient to admit or deny the allegations regarding Plaintiff Diana D. and therefore, deny the same.

**B.   CYFD's and HSD's Alleged Failure to Ensure Delivery of Appropriate and Coordinated Mental and Behavioral Health Services**

198.   Defendants deny any failure to implement a system to ensure prompt delivery of appropriate and coordinated behavioral and mental health services to children in state custody. Defendants further deny any failure to ensure that an appropriate and coordinated network of providers exists to deliver sufficient mental health services to children in CYFD custody. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 198, and therefore deny the same.

199.   Defendants deny that the authorities cited by Plaintiff regarding the standards of an adequate provider network require "intensive" home- and community- based mental and behavioral health services as alleged by Plaintiffs.  "Intensive" home- and community-based mental and behavioral health are offered only under 1915(c) developmental disabilities waivers and are not Medicaid services.  Defendants further state that Plaintiffs misstate the referenced April 25, 2012 waiver request.  The waiver request states "The capitation for the MCO's participating in the program will be designed to maximize the incentives to support people in their homes and communities and to begin to address those waiting for services for the current CoLTS program." Defendants deny that services are delivered without reasonable promptness. HSD denies that it is obligated to ensure an adequate provider network for "intensive home-and community-based mental and behavioral health services" as this service is not a Medicaid service except for individuals with developmental disabilities under the 1915(c) waiver.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 199 of the Complaint, and therefore, deny the same.

200.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint, and therefore, deny the same.

201.   HSD denies that its services are limited and that they are delivered in an inconsistent or ineffective matter. HSD further states that it implemented a wraparound service model in a pilot program and is evaluating this model to determine whether it is a "viable method of care coordination in New Mexico." *See* Results First June 7, 2017 pp. 30-31.   HSD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint, and therefore, denies the same.  Paragraph 201 of the Complaint does not appear to be directed at CYFD and therefore requires no response from CYFD; to the extent a response is required from CYFD, the allegations are denied.

202.   CYFD denies the allegations in Paragraph 202.  Paragraph 202 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

203.   Defendants admit to the allegations regarding their recognition that residential treatment is a non-evidence based practice and that it is the most costly health service for children, however Defendants deny that it is ineffective.  HSD further denies that it has any authority in the child welfare system.  Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 203 of the Complaint, and therefore, deny the same.

## VI.   TRAUMA-SENSITIVE PRACTICES IN SYSTEMS OF CHILD WELFARE ARE ALLEGEDLY EFFECTIVE AND NECESSARY

204.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 204 of the Complaint, and therefore, deny the same.

205.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 205 of the Complaint, and therefore, deny the same.

206.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 206 of the Complaint, and therefore, deny the same.

207.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 207 of the Complaint, and therefore, deny the same.

208.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 208 of the Complaint, and therefore, deny the same.

209.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 209 of the Complaint, and therefore, deny the same.

210.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint, and therefore, deny the same.

## VII.    CYFD AND HSD ARE NOT DELIBERATELY INDIFFERENT TO PLAINTIFFS' RIGHTS.

211.    Defendants deny the allegations in Paragraph 211 of the Complaint. HSD further denies that it has any authority in the child welfare system or foster care placements.

212.    Defendants deny that 42 USC §622(b)(15(A)(ii) - the CFSIA - requires states "to report," rather states are required to develop a plan including an outline of how health needs identified through screenings…" HSD denies that it has any authority in the child welfare system or foster care placement. Defendants deny the remaining allegations in Paragraph 212 of the Complaint.

213.    CYFD denies that it has failed to meet the needs of children in its custody and that it has repeatedly acknowledged any such failure.   CYFD acknowledges that Plaintiffs appear to have accurately quoted from the cited documents, but state that the information cited is not acknowledgements of failure, but goals for CYFD moving forward, and therefore denies the allegations in Paragraph 213.   Paragraph 213 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

214.   In response to Paragraph 214, CYFD acknowledges that Plaintiffs appear to have correctly quoted the cited sources, but is without information sufficient to form a belief as to the truth of the allegations therein, and therefore, denies the same.  Paragraph 214 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

215.   CYFD acknowledges that Plaintiffs appear to have accurately quoted the cited sources, but deny the allegations in Paragraph 215, including that it has "acknowledged" its performance is deteriorating. Paragraph 215 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

216.   Defendants deny the allegations in Paragraph 116.

217.   CYFD is without information sufficient to form a belief as to the truth of the allegations in Paragraph 217. Paragraph 217 of the Complaint does not appear to be directed at HSD and therefore requires no response from HSD; to the extent a response is required from HSD, the allegations are denied.

218.   HSD admits that it has acknowledged PTSD is the most expensive child behavioral health disorder in New Mexico and that residential treatment centers are the highest cost service for children, but notes that the report cited by Plaintiff indicates that 91% of placement in residential treatment centers is through the JJC Courts.  HSD denies that it has any authority in the child welfare system. Defendants deny that they continue to or ever have ignored early intervention community-based treatments.

**VIII.   THIS ACTION CANNOT BE BROUGHT IN THE CHILDREN'S COURT AND IT DOES NOT INTERFERE WITH THE CHILDREN'S COURT JURISDICITON.**

219.    Defendants admit the allegations in Paragraph 219 of the Complaint, but deny that the "unlawful systemic practices" alleged exist.

220.    Defendants deny that the systemic issues alleged in the Complaint exist, but admit the allegations in Paragraph 220 of the Compliant.

221.    Defendants admit the allegations in Paragraph 221 of the Complaint.

222.    Defendants admit the allegations in Paragraph 222 of the Complaint.

223.    In response to Paragraph 223 of the Complaint, Defendants admit that the Children's Court is an inadequate forum for this matter.  CYFD denies the failures alleged. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations, and therefore, deny the same.

224.    CFYD denies the failures and abused discretion alleged.  Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 224, and therefore, deny the same.

## FIRST CAUSE OF ACTION

### (Against All Defendants for Violation of Section 504 of the Rehabilitation Act)

225.    Defendants restate and reincorporate their answers to Paragraphs 1 through 224 of the Plaintiffs' Amended Complaint as though fully set forth herein.

226.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 226, but deny Plaintiffs are entitled to relief against either of them pursuant to those authorities.

227.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 227, but deny Plaintiffs are entitled to relief against either of them pursuant to those authorities.

228.    Defendants admit the allegations in Paragraph 228 of the Complaint.

229.   In response to Paragraph 229 of the Complaint, Defendants admit that children in foster care are eligible for the public benefits of the New Mexico child welfare system and Medicaid. Defendants deny that this action meets the requirements of a class action.

230.   Paragraph 230 of the complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein and deny that Plaintiffs are entitled to relief pursuant to the cited authority.

231.   Paragraph 231 of the complaint contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations therein and deny that Plaintiffs are entitled to relief pursuant to the cited authority.

232.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 232, and therefore, deny the same.

233.   Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 233, and therefore, deny the same.

234.   Defendants deny that the foster care and Medicaid systems to not accommodate eligible children impacted by complex trauma. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 234, and therefore, deny the same.

235.   Defendants deny the allegations in Paragraph 235 of the Complaint.

236.   CYFD denies the allegations in Paragraph 235 of the Complaint.  HSD denies the allegations in Paragraph 236 of the Complaint, as it has not authority in the child welfare system.

237.   Defendants deny the allegations in Paragraph 237 of the Complaint.

238.   Defendants deny the allegations in Paragraph 238 of the Complaint.

239.   Defendants deny the allegations in Paragraph 239 of the Complaint.

## SECOND CAUSE OF ACTION

### (Against All Defendants for Discrimination Under the Americans with Disabilities Act of 1990)

240.    Defendants restate and reincorporate their answers to Paragraphs 1 through 239 of the Plaintiffs' Amended Complaint as though fully set forth herein.

241.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 241, but deny Plaintiffs are entitled to relief against either of them pursuant to those authorities.

242.    Defendants admit the allegations in Paragraph 242 of the Complaint.

243.    In response to Paragraph 243 of the Complaint, Defendants admit that children in foster care are eligible for the public benefits of the New Mexico child welfare system and Medicaid.  Defendants deny that this action meets the requirements of a class action.

244.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 244, but deny Plaintiffs are entitled to relief against either of them pursuant to those authorities.

245.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 245, and therefore, deny the same.

246.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore, deny the same.

247.    Defendants deny that the foster care and Medicaid systems do not accommodate eligible children impacted by complex trauma.  Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore, deny the same.

248.    Defendants are without information sufficient to form a belief as to the truth of the allegations in Paragraph 248, and therefore, deny the same.

249.    Defendants deny the allegations in Paragraph 249 of the Complaint.  HSD further denies that it has any authority in the child welfare system.

250.    Defendants deny the allegations in Paragraph 250 of the Complaint.  HSD further denies that it has any authority in the child welfare system.

251.    Defendants deny the allegations in Paragraph 251 of the Complaint.

252.    Defendants deny the allegations in Paragraph 252 of the Complaint.

### THIRD CAUSE OF ACTION

### (Against All Defendants for Unlawful Segregation Under Section 504 of the Rehabilitation Act and the Americans with Disabilities Act of 1990)

253.     Defendants restate and reincorporate their answers to Paragraphs 1 through 252 of the Plaintiffs' Amended Complaint as though fully set forth herein.

254.    Defendants admit the allegations in Paragraph 254 of the Complaint.

255.    Defendants admit the allegations in Paragraph 255 of the Complaint.

256.    Paragraph 256 contains legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

257.    Defendants deny the allegations in Paragraph 257 of the Complaint.

258.    CYFD denies the allegations in Paragraph 258 of the Complaint. HSD denies the allegations in Paragraph 258 of the Complaint, as it has no authority in the child welfare system.

259.    Defendants acknowledge the authorities cited by Plaintiffs in Paragraph 259, but state that Plaintiffs mischaracterize those authorities and deny Plaintiffs are entitled to relief against either of them pursuant to those authorities. Defendants state that 29 U.S.C. §794 says nothing about segregation and §§12101(a)(2), (a)(5) includes findings of Congress not prohibitions. Further, Defendants state that *Olmstead* does not require the state provide appropriate community based treatment services rather it requires a State place persons with mental disabilities in community settings rather than institutions when the State's treatment professionals determine that such placement is appropriate, the affected persons do not oppose such treatment and the

placement can be reasonably accommodated, taking into account the sources available to the State and the needs of others with mental disabilities. *Olmstead*, 527 U.S. at 607.

260.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 260, but state that Plaintiffs mischaracterize that authority and deny that Plaintiffs are entitled to relief pursuant to that authority. *Olmstead* holds that "unjustified institutionalization of persons with mental disabilities violated Title II…. Unjustified isolation..,is properly regarded as discrimination based on disability.  But we recognize, as well, the States' need to maintain a range of facilities for the care and treatment of persons with diverse mental disabilities, and the States' obligation to administer services with an even hand." Id. at 597.

261.    Paragraph 261 states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 261.

262.    Paragraph 262 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 262.

263.    Paragraph 263 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 263.

264.    Defendants deny the allegations in Paragraph 264 of the Complaint.

## **FOURTH CAUSE OF ACTION**

### **(Against All Defendants for Violation of Substantive Due Process Under the 14th Amendment to the United States Constitution)**

265.    Defendants restate and reincorporate their answers to Paragraphs 1 through 264 of the Plaintiffs' Amended Complaint as though fully set forth herein.

266.    CYFD admits the allegations in Paragraph 266 of the Complaint. HSD denies the allegations in Paragraph 266, as it has no authority in the child welfare system.

267.   Paragraph 267 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 267.

268.   Defendants deny the allegations in Paragraph 268 of the Complaint.

269.   Defendants deny the allegations in Paragraph 269 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Violation of the Medicaid Act, Early and Periodic Screening, Diagnostic and Treatment (EPSDT) Services, 42 U.S.C. §1396 *et seq.*)

270.   Defendants restate and reincorporate their answers to Paragraphs 1 through 269 of the Plaintiffs' Amended Complaint as though fully set forth herein.

271.   Paragraph 271 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 271.

272.   Defendants deny the allegations in Paragraph 272 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Against All Defendants for Violation of the Medicaid Act, Reasonable Promptness Provision, 42 U.S.C. §1396a(a)(8)).

273.   Defendants restate and reincorporate their answers to Paragraphs 1 through 272 of the Plaintiffs' Amended Complaint as though fully set forth herein.

274.   Defendants deny the allegations in Paragraph 274 of the Complaint. 42 U.S.C. § 1396a(a)(8) requires the State "provide that all individuals wishing to make application for medical assistance under the plan shall have the opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." Defendants deny that they have failed to furnish required medical services with reasonable promptness.

275.   Defendants deny the allegations in Paragraph 275 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Against All Defendants for Violation of the Indian Child Welfare Act, U.S.C. §1915(a) & (b)).**

276.    Defendants restate and reincorporate their answers to Paragraphs 1 through 275 of the Plaintiffs' Amended Complaint as though fully set forth herein.

277.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 277, but deny Plaintiffs are entitled to relief against either of them pursuant to that authority.  HSD denies that it has any authority in the child welfare system.

278.    Defendants acknowledge the authority cited by Plaintiffs in Paragraph 278, but deny Plaintiffs are entitled to relief against either of them pursuant to that authority. Defendants deny the remaining allegations in Paragraph 278. HSD further denies that it has any authority in the child welfare system.

279.   Defendants deny the allegations in Paragraph 279 of the Complaint.  HSD further denies that it has any authority in the child welfare system.

280.   Defendants deny the allegations in Paragraph 280 of the Complaint.

281.   Defendants deny the allegations in Paragraph 281 of the Complaint.  HSD further denies that it has any authority in the child welfare system.

282.   Defendants deny the allegations in Paragraph 282 of the Complaint.  HSD further denies that it has any authority in the child welfare system.

283.   Defendants deny the allegations in Paragraph 283 of the Complaint.

**GENERAL DENIAL**

Defendants state that any allegation not heretofore specifically admitted or denied is now specifically denied.

## PLAINTIFFS' REQUEST FOR RELIEF

1.     Defendants deny that Plaintiffs are entitled to the maintenance of this action as a class action that they seek in Paragraph 1 of the Request for Relief.

2.     Defendants deny that Plaintiffs are entitled any of the injunctive relief that they seek in Paragraphs 2 through 2(h) of the Request for Relief.

3.     Defendants deny Plaintiffs are entitled to any of the declaratory relief they seek in Paragraphs 3 through 3(f) of the Request for Relief.

4.     Defendants deny that Plaintiffs are entitled to its attorneys' fees and costs as they seek in Paragraph 4 of the Request for Relief.

5.     Defendants deny that Plaintiffs are entitled to any further relief not specifically requested in the Complaint.

## AFFIRMATIVE DEFENSES

1.     One or more of Plaintiffs' claims fail to state a claim upon which relief may be granted

2.     Plaintiffs' claims are barred by the doctrines of laches, waiver, and estoppel.

3.     Defendants have not violated any right, privilege or immunity of Plaintiff protected under the constitution or laws of the United States or the State of New Mexico.

4.     Defendants state that, based on discovery, they may be immune from suits based on statutory, common law, or Eleventh Amendment immunity.

5.     Defendants state that Plaintiffs do not make a sufficient showing to qualify as a class for purposes of Fed. R. Civ. P. 23.

6.      Defendants give notice that they intend to rely upon any other defense that may become available or appear during the proceedings in this case, and hereby reserve their right to amend their Answer to assert such defenses.

WHEREFORE, having fully answered, these Defendants pray that Plaintiffs' Complaint be dismissed with prejudice and that they recover their costs incurred herein, and for such other and further relief as may be just and proper.

Respectfully submitted,

KELEHER & McLEOD, P.A.

By:  _____*/s/ Sean Olivas*_____
Sean Olivas
Thomas C. Bird
Gary J. Van Luchene
P.O. Box AA
Albuquerque, NM  87103
(505) 346-4646
so@keleher-law.com
tcb@keleher-law.com
gvl@keleher-law.com
*Attorneys for Defendants*

**Certificate of Service**

It is hereby certified that a true and correct copy of the foregoing was filed, via the Court's electronic filing system, and thus was served to all parties of record on this 10th day of April, 2019.


        */s/ Sean Olivas*
        Sean Olivas



4821-2283-0223, v. 1