**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| KEVIN S. and CHRIS W., children, by Bette Fleishman, their Next Friend; JENNIFER H., a child, by Liz McGrath, her Next Friend; DIANA D., a child, by Ernestina R. Cruz, her Next Friend; BRIAN J., a child, by Matthew Bernstein, his Next Friend; ELLIOT J. and MICHAEL J., children, by Feliz Rael, their Next Friend; OLIVIA L., a child, by Georgia Berrenberg, her Next Friend; MATTY B., JUSTIN B., and JACKSON B., children, by Gabrielle Valdez, their Next Friend; LUCAS M. and JULIAN M., children, by Mariel Willow, their Next Friend; DAVID G., a child, by Ashley Mackenzie, his Next Friend; on behalf of themselves and all others similarly situated; DISABILITY RIGHTS NEW MEXICO; and NATIVE AMERICAN DISABILITY LAW CENTER, | Civ. Action No. 1:18-cv-00896 |
| *Plaintiffs*, | |
| v. | |
| MONIQUE JACOBSON, in her official capacity as Secretary for the Children, Youth and Families Department, and BRENT EARNEST, in his official capacity as Secretary for the Human Services Department, | |
| *Defendants*. | |

**STIPULATED SUPPLEMENTAL CONFIDENTIALITY AND PROTECTIVE ORDER**

**PRELIMINARY STATEMENT**

The Parties have entered into a Settlement Agreement (the "Agreement") that sets forth processes for ongoing exchanges of information among the Parties and the "Co-Neutrals"

appointed in the Agreement. Many of the documents and much of the information ("Materials" as defined herein) to be exchanged through the processes described in the Agreement are normally kept confidential by the parties. The Materials may contain confidential, proprietary, or private information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1), for which special protection from public disclosure and from use for any purpose other than implementing the Agreement may be warranted. The parties and the Co-Neutrals have agreed to be bound by the terms of this Stipulated Confidentiality and Protective Order ("Order") in this action to facilitate the exchange of information, and protect the respective interests of the parties in their confidential, proprietary, or private information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

## STATEMENT OF GOOD CAUSE

There is good cause for this protective order. The individual plaintiffs in this action are all minors. The implementation of the Agreement action is likely to involve Children Youth and Families Department ("CYFD") official files that are confidential pursuant to NMSA § 32A-4-33, education records, disciplinary records, personal information, and medical information of minors involved in the child welfare system and their families. Special protection for these files, records, and information from public disclosure and from use for any purpose other than the prosecution of this action is warranted. The implementation of the Agreement also is likely to involve Human Services Department ("HSD") files, including medical and behavioral health records of minors that are protected by state and federal confidentiality laws. Such confidential and sensitive materials and information consist of, among other things, confidential behavioral health, and physical health records; confidential educational records; confidential discipline records and alleged infractions of students; the confidential and sensitive history of the individual plaintiffs' personal lives including, but not limited to, experiences of abuse and

neglect and details which may subject them to retaliation in the form of physical harm or economic loss; and other information generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Further, CYFD official files concerning the plaintiff children, and possibly documents in possession of other parties, may constitute confidential records pursuant to NMSA § 32A-4-33. However, the Co-Neutrals and counsel for all parties in this case have a legitimate interest as provided in NMSA § 32A-4-33(16) in the records concerning the parties to this action.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties and the Co-Neutrals are permitted reasonable necessary uses of such material in implementing the Agreement, to address their handling at the expiry of the Agreement, and to serve the ends of justice, a confidentiality and protective order for such information is justified in this matter.

IT IS THEREFORE ORDERED THAT:

1. Counsel for CYFD will provide electronic access and/or will make available copies of all files requested by the Co-Neutrals to the Co-Neutrals and to all counsel as described in Sections VI and VII of the Agreement.

2. HSD will provide electronic access and/or will make available copies of all files requested by the Co-Neutrals to the Co-Neutrals and to all counsel as described in Sections VI and VII of the Agreement.

3. Any document or information produced or exchanged by any of the parties to this

action, or the Co-Neutrals and their staff and/or consultants, or any of their attorneys, which a party or Co-Neutral believes is of a confidential nature, may be designated as Confidential. All such documents, and all copies (referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order.

4. The following categories of documents may be designated as "Confidential Information":

- CYFD official files that are confidential pursuant to NMSA § 32A-4-33;
- HSD official files that are confidential;
- Private medical and/or behavioral health information;
- Private health insurance information;
- Confidential student educational records;
- Confidential information regarding discipline;
- Information about the history of the children's personal life.

Information or documents that are available to the public or that have not previously been kept in a confidential manner may not be designated as "Confidential Information." A party or Co-Neutral may designate documents described in this order as Confidential Information by imprinting the word "Confidential" on the document or by identifying documents as Confidential in writing at the time of transmission.

5. Each and every page of each document designated as Confidential Information shall be stamped or marked. If it is not feasible to stamp or mark each page of a document, appropriate measures, such as the use of binders or containers to house such documents shall be taken.

6. Neither the Confidential Information, nor its contents, shall be disclosed to any other person without the agreement of the party or Co-Neutral who designates the information as confidential, except that counsel or Co-Neutrals may, without further agreement or court order, disclose the Confidential Information to the following persons for use solely in connection with this action under the following conditions:

A. Attorneys and legal assistants of counsel's firm and to any other employees of counsel's firm who shall handle the Confidential Information under normal office procedure;

B. The individually named parties to this action and Guardians ad Litem and Youth Attorneys for individual children;

C. Co-Neutrals, and/or staff and/or consultants hired by the Co-Neutrals as described in the Agreement;

D. Experts or consultants retained by the parties with respect to this action;

E. Any person from whom testimony is taken or is reasonably expected to be taken in this action (whether in deposition or at trial);

F. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action when such information is necessary for the court reporters to do their jobs.

G. Any third party who will arrange for copying and delivery of the documents pursuant to this Protective Order (*i.e.* a courier service or copy service).

H. The Court and any Court staff and administrative personnel.

I. Any mediator, arbitrator, court of competent jurisdiction, or neutral third party mutually agreed upon by the parties, including the arbitrator described in the Agreement.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person or entity, except as provided in

Paragraph 6 above.  Individuals given access to Confidential Information under 9(C) or 9(D) of this Order shall be provided with a copy of and shall be bound by this Order.

8. The party's counsel or Co-Neutral who receives Confidential Information or discloses Confidential Information to authorized persons as provided in Paragraph 6 above shall be responsible for assuring compliance with the terms of this Protective Order.

9. No copies of Confidential Information shall be made except by, or on behalf of counsel in this litigation and the Co-Neutrals, and such copies shall be made and used solely for purposes of implementing the terms of the Agreement. All individuals who have been provided with Confidential Information in the context of this case and in the course of the implementation of the Agreement will be bound by the terms of this Order.

10. If a party or Co-Neutral objects to the designation of documents or other information as "Confidential Information", the party or Co-Neutral shall promptly inform all parties' counsel and all Co-Neutrals in writing of the specific grounds of objection to the designation.  All counsel and the Co-Neutrals shall then, in good faith and on an informal basis, attempt to resolve the dispute. If after such good faith attempt, all counsel and the Co-Neutrals are unable to resolve the dispute, the party or Co-Neutral opposing the designation of documents or other information as "Confidential Information" may move for a disclosure order from the arbitrator or a court of competent jurisdiction consistent with this Order.  The documents or information shall continue to have Confidential Information status from the time it is produced until the ruling by the arbitrator or a court on the motion.

11. Counsel for the party designating any document as Confidential may, in writing and without arbitrator or court approval, agree to release any of the Confidential Information from the requirements of this Order.

12. Nothing in this Order shall be read to modify the parties' obligations under the Agreement, including the obligation to make public certain final reports and plans as specified in the Agreement.

13. Neither the conclusion of this action nor the expiry of the Agreement shall relieve counsel, the Co-Neutrals, or other persons obligated under this Protective Order from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order. A party may seek leave to reopen the case to enforce this Protective Order's provisions if the case has terminated or may seek to enforce this Order through the dispute resolution procedure in the Agreement.

14. After the expiry of the Agreement, the Co-Neutrals and counsel of record for each of the Parties shall either return or destroy the Confidential Material that is the subject of this Protective Order and is no longer needed for record-keeping or documentation requirements imposed by law or contractual requirements and provide written confirmation to the other counsel of record that the return or destruction of the Confidential Material has occurred.

15. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Federal Rules of Civil Procedure 26 or 37.

16. This Order shall remain in effect unless modified by the Court.

The terms of this protective order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings, in arbitration, or in the implementation of the Agreement. Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court or arbitration hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order. Any party may move the Court or arbitrator for an order that the

confidential document be received in camera or under other conditions to prevent unnecessary disclosure.  The Court or arbitrator will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE

Agreed, Stipulated and Submitted by:

Approved:

*/s/ Jesselyn Friley*
Mark Rosenbaum
Kathryn Eidmann
Jesselyn Friley
**PUBLIC COUNSEL**
610 S. Ardmore Avenue
Los Angeles, CA 90005
Office: (213) 385-2977
Fax: (213) 385-9089
mrosenbaum@publiccounsel.org
keidmann@publiccounsel.org
jfriley@publiccounsel.org

*/s/ Grant Davis-Denny*
Grant A. Davis-Denny
**MUNGER, TOLLES & OLSON LLP**
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
Office: (213) 683-9100
Fax: (213) 687-3702
grant.davis-denny@mto.com

*/s/ Nancy Koenigsberg*
Nancy Koenigsberg
**DISABILITY RIGHTS NEW MEXICO**
3916 Juan Tabo NE
Albuquerque, NM 87111
Office: (505) 256-3100
Fax: (505) 256-3184
nkoenigsberg@drnm.org

*/s/ Vincent Ward*
Vincent J. Ward
**FREEDMAN BOYD HOLLANDER GOLDBERG URIAS & WARD, P.A.**
20 First Plaza, Suite 700
Albuquerque, NM 87102
Office: (505) 842-9960
Fax: (505) 842-0761
vjw@fbdlaw.com

*/s/ Tara Ford*
Tara Ford
Stanford Law School

*/s/ Andrew Schultz*
Andrew G. Schultz

**MILLS LEGAL CLINIC**
Youth and Education Law Project
559 Nathan Abbot Way
Stanford, CA 4305-8610
Office: (650) 725-8581
Fax: (650) 723-4426
taraford@law.stanford.edu

*/s/ Sara Crecca*
Sara S. Crecca
**THE LAW FIRM OF ALEXANDER D. CRECCA, PC**
3200 Monte Vista Blvd NE
Albuquerque, NM 87106
Phone: (505) 766-9999
Fax: (505) 766-9950
saracrecca@creccalaw.com

**RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.**
P.O. Box 1888
Albuquerque, NM 87103
Office: (505) 768-7205
Fax: (505) 768-7395
ASchultz@rodey.com

*/s/ F. Michael Hart*
F. Michael Hart
Julio C. Romero
Kelly Stout Sanchez
**MARTINEZ, HART, THOMPSON & SANCHEZ, P.C.**
1801 Rio Grande Blvd NW, Suite A
Albuquerque, NM 87104
Office: (505) 343-1776
Fax: (505) 344-7709
mikeh@osolawfirm.com
julior@osolawfirm.com
kellys@osolawfirm.com

*/s/ Kelly Waterfall*
Kelly K. Waterfall
**THE LAW OFFICE OF RYAN J. VILLA**
2501 Rio Grand Blvd. NW, Suite A
Albuquerque, NM 87104
Office: (505) 256-7690
Fax: (505) 433-5812
kelly@rjvlawfirm.com

**Attorneys for the Plaintiffs and the Proposed Classes**

*/s/ Sean Olivas*
Sean Olivas
Gary Van Luchene
**KELEHER & MCLEOD, P.A.**
201 3rd St. NW #1200
Albuquerque, NM 87102
Office: (505) 346-4646
Fax: (505) 346-1370
so@keleher-law.com
gvl@keleher-law.com

**Attorneys for the Defendants**